SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SKAGIT

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY, as subrogee for Catherine Robinson,<br><br>Plaintiff,<br>vs.<br><br>HELEN OF TROY, LIMITED, HELEN OF TROY, LIMITED LIABILITY COMPANY; HELEN OF TROY, LIMITED CORPORATION, HELEN OF TROY, L.P., KAZ USA INCORPORATED; and KAZ INCORPORATED,<br><br>Defendants. | No.<br><br>COMPLAINT |

## I. PARTIES, VENUE AND JURISDICTION

1.1     State Farm Fire and Casualty Company ("State Farm") is an insurance company incorporated, and with its principal place of business, outside of Washington State.

1.2     State Farm is authorized to conduct business in Washington State.

1.3     A home owned by Catherine Robinson ("Robinson") and located at 1117 4th Street, Anacortes, Washington ("Robinson home") was, at all times relevant to this complaint, insured by

Complaint
Page - 1

Evezich Law Offices, P.L.L.C.
Suite 209
175 NE Gilman Blvd.
Issaquah, WA 98027
Phone (206) 576-6900

State Farm.

1.4 Helen of Troy Limited (referred to as "Helen of Troy"), is a company formed under the laws of Bermuda.

1.5 Helen of Troy liability Company, Helen of Troy, limited Corporation, and Helen of Troy, L.P. (collectively referred to as "Helen"), are entities formed under the laws of a state other than Washington State and which conduct business in Washington State.

1.6 Kaz USA Incorporated and Kaz Incorporated (collectively referred to as "Kaz") are corporation formed under the laws of a state other than Washington State and conduct business in Washington State.

1.7 This court has jurisdiction over the parties and subject matter of this suit.

1.8 Venue is proper in this court because the subject of this lawsuit occurred in this judicial district.

## II. FACTS

2.1 State Farm, during all times relevant to this suit, issued an insurance policy to Robinson which covered the Robinson Home.

2.2 State Farm's policy covered property damage to the Robinson home and contents.

2.3 On August 4, 2014, a fire (the "Fire") originated in a SoftHeat heating pad (the "Heating Pad").

2.4 The Heating Pad was a MaxHeat by SoftHeat Deluxe Heating Pad Moist/Dry, King size, 12-inch by 24-inch, HP950-12-3P-S.

2.5 The Heating Pad was manufactured by the defendants and bore the trade name

Complaint
Page - 2

"SoftHeat."

2.6   SoftHeat is a trade mark owned by the defendant Kaz Incorporated as of July 20, 2004.

2.7   Sometime after July 20, 2014, Kaz Incorporated assigned the trade mark "SoftHeat" to Helen of Troy.

2.8   Kaz Incorporated owned the SoftHeat trade mark at the time that the Heating Pad was manufactured.

2.9   The Heating Pad had been purchased by Robinson and was used at the Robinson Home.

2.10   The Fire caused damage to the Robinson home and its contents.

2.11   State Farm paid Robinson for some of the property damage to the home.

2.12   State Farm holds a subrogated interest in recovering the sums it paid Robinson as a result of the fire damage.

### III. FIRST CAUSE OF ACTION: PRODUCTS LIABILITY

3.1   The defendants are "manufacturers," as that term is defined in the Washington Products Liability Act, RCW 7.72, et seq., as they either designed, manufactured, fabricated and/or constructed the Heating Pad or sold it under their trade names.

3.2   At the time the Heating Pad left the defendants' control, it was defective and not reasonably safe. These defects include, but are not limited to, the following conditions:

a.   It was not reasonably safe in their design.

b.   It was defectively manufactured.

Complaint
Page - 3

Evezich Law Offices, P.L.L.C.
Suite 209
175 NE Gilman Blvd.
Issaquah, WA 98027
Phone (206) 576-6900

c.     It was not reasonably safe because adequate warnings or instructions were not provided with it about the risk or likelihood of a fire.

d.     It did not contain available safeguards which would have prevented the damage State Farm incurred.

3.3.    The defendants are strictly liable to State Farm because at the time the Heating Pad left their control, the likelihood that it would cause injury or damage similar to that suffered by State Farm, and the seriousness of such injury or damage, outweighed the burden on the defendants to design products that would have prevented State Farm's damages and outweighed the adverse effect that an alternative design(s) that was practical and feasible would have on the usefulness of the products.

3.4.    The products were not reasonably safe because they did not conform to the defendants' express warranties or to the implied warranties under Title 62A RCW.

### IV. SECOND CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY

4.1    Implied in the sale of the Heating Pad was an implied warranty that it would be fit for its ordinary purpose.

4.3    The Heating Pad breached this warranty and the defendants are liable for any foreseeable damages arising as a result of the breach.

### V. REQUEST FOR RELIEF

5.1    For judgment against the defendants, jointly and severally, in an amount to be proven at trial. Such damages include, but are not limited to, loss of real and personal property, loss of use of the property, pre-judgment interest, and other damages.

5.2    For statutory costs and attorneys' fees.

Complaint  
Page - 4

Evezich Law Offices, P.L.L.C.  
Suite 209  
175 NE Gilman Blvd.  
Issaquah, WA 98027  
Phone (206) 576-6900

5.3 An order amending the pleadings to the proof presented at trial.

5.4 For any other relief the court deems just.

Dated this 8th day of September, 2015.

EVEZICH LAW OFFICES, P.L.L.C.

_____
Craig Evezich, WSBA No. 20957
Attorney for Plaintiff

Complaint
Page - 5

**Evezich Law Offices, P.L.L.C.**
Suite 209
175 NE Gilman Blvd.
Issaquah, WA 98027
Phone (206) 576-6900