UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY, as subrogee for Catherine Robinson,<br><br>Plaintiff,<br><br>v.<br><br>HELEN OF TROY, LLC, *et al.*,<br><br>Defendants. | Case No. C15-1771-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff State Farm Fire and Casualty as subrogee for Catherine Robinson ("State Farm")'s Motion to Compel. Dkt. #28. State Farm moves the Court for an order compelling the Defendants to fully answer State Farm's First Set of Discovery. Defendants oppose this Motion, arguing in part that it is moot because they will eventually produce the requested discovery. *See* Dkt. #45. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL - 1

## II. BACKGROUND

A full background of this case is not necessary for the purposes of this Motion. This lawsuit resulted from a fire which largely destroyed the heating pad which State Farm alleges caused the fire. *See* Dkt. #1-2. A site examination and laboratory examination was held and Defendants' expert attended both examinations. *See* Dkt. #29-3. In its Complaint, State Farm has identified the heating pad as a "MaxHeat by SoftHeat Deluxe Heating Pad Moist/Dry, King size, 12-inch by 24-inch, HP950-12-3P-S." *Id.* at 2.

On July 7, 2016, State Farm sent its first set of discovery to Defendants. Dkt. #29-5. On August 8, 2016, Defendants asked for additional time to answer discovery. On August 15, 2016, Defendants served their answers. Dkt. #29-6. Every answer includes multiple objections with limited or no substantive response. When asked to identify the heating pad at issue, Defendants object that they "do not have enough information to allow them to answer." *Id*. at 3. With regard to requests for drawings and schematics of the design of the heating pad, the defendants objected that the request was overly broad and burdensome because "Plaintiff had not identified the alleged product defect in the heating pad that it claims caused damages and therefore this request is not proportionally tailored to discovery of admissible evidence." *Id.* at 4. Similar objections were made regarding requests for documents relating to the manufacture, testing, and assembly of the heating pad. With regard to discovery relating to the factual basis of defendants' defenses, the defendants stated that "[b]ased on the information provided in Plaintiff's initial disclosures, Defendants do not yet have enough information to allow them to answer this request" and referred plaintiff to defendants' Answer. *Id*. at 19-20.

The parties then repeatedly conferred in an attempt to resolve these discovery issues. *See* Dkt. #28 at 5-6. State Farm filed this Motion on October 13, 2016.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL - 2

### III. DISCUSSION

#### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "District courts have broad discretion in determining relevancy for discovery purposes." *Id.* (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

#### B. Analysis

State Farm argues that it has diligently identified the heating pad at issue in this case in the Complaint. Dkt. #28 at 3. Despite this, State Farm argues, Defendants have "failed to produce discovery involving the model of blanket State Farm has identified," objecting on the bases that such discovery is overly burdensome, that State Farm has not adequately defined what failed in the blanket, or that Defendants do not know enough about the blanket involved in the fire. *Id.* at 7. State Farm asks the Court to compel production of the propounded discovery.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL - 3

In Response, Defendants argue that the instant Motion does not specify the particular documents or requests State Farm wishes Defendants to supplement and that Defendants are left to speculate as to what State Farm is requesting. Dkt. #11 at 1. Defendants argue that they "did not have enough information to determine the make, model, brand or tradename of the heating pad at issue in the case." *Id*. at 1-2. Defendants argue that "[a]fter this motion to compel was filed, Plaintiff provided additional information that has allowed Defendants to conduct a reasonable search," and that Defendants are in the process of supplementing their prior responses. *Id*. at 2. Defendants argue that the Motion may now be moot and should be denied. *Id*. at 4-5. Defendants make reference to the discovery requests not being proportional to the needs of this case.

On Reply, State Farm argues that "in the year since this lawsuit was instituted, the Defendants have not produced a single document regarding the design, assembly, manufacture, or testing of the heating pad or any of the other topics requested in discovery (including the identity of any witnesses)." Dkt. #48 at 2. State Farm argues that "[i]n response to this motion to compel, the Defendants made no argument in support of their objections," that "they have not borne their burden of proving the discovery as objectionable or the validity of their objections," and that "the Defendants should be ordered to fully and completely answer the Plaintiff's First Set of Discovery by a date certain to be determined by the Court." *Id*. State Farm argues that the discovery requests at issue are proportional to the needs of this case given the damages at issue. *Id*. at 2 n.2. Plaintiff argues that the Court's decision on this Motion is necessary even if Defendants eventually produce adequate responses to the discovery requests at issue. *Id*. at 6.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL - 4

The Court begins by noting that State Farm's citation to Rule 26(b)(1) for the scope of discovery is in error. State Farm argues that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Dkt. #28 at 7. This quotation is from the old version of the Rule. Rule 26(b)(1) was revised over a year ago, effective December 1, 2015. The new rule has eliminated the "reasonably calculated" language and the appropriate legal standard has been articulated by the Court in section III.A. above. The Court strongly advises counsel for State Farm to refrain from improperly citing Rule 26(b) in the future.

The Court next turns to the substance of State Farm's Motion. The Court disagrees with Defendants' notion that they must speculate as to what State Farm is requesting. The Motion is clear enough; State Farm is requesting full responses to *all* of their discovery requests. The Court finds that State Farm has adequately identified the heating pad at issue in this case from the outset, and that Defendants have otherwise failed to adequately justify their objections and failure to produce the requested discovery, as is their burden. *See Blankenship, supra*. Even if Defendants produce or have already produced the requested discovery, the Court agrees with State Farm that a ruling is necessary for the reasons articulated in its Reply and to establish a basis for a request for attorney's fees under Rule 37(a)(5). Accordingly, the Court will grant State Farm's Motion.

## IV.   CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff State Farm's Motion to Compel (Dkt. #28) is GRANTED. The Court orders Defendants to fully and

completely answer State Farm's First Set of Discovery **no later than the close of business on January 6, 2017**.

DATED this 21st day of December 2016.

                                                                                                                     _____
                                                                                                                      RICARDO S. MARTINEZ
                                                                                                                      CHIEF UNITED STATES DISTRICT JUDGE