# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

STATE FARM FIRE AND CASUALTY, as subrogee for Catherine Robinson,

Plaintiff,

v.

HELEN OF TROY, LLC, *et al*.,

Defendants.

Case No. C15-1771 RSM

ORDER DENYING MOTION TO CONTINUE TRIAL DATE

This matter comes before the Court on Defendants' Motion to Continue Trial and to Amend Pre-Trial Scheduling Order. Dkt. #56. Defendants request a 30 to 60 day continuance of trial currently set for June 26, 2017, extension of all pretrial deadlines, and a limited reopening of discovery, which closed on February 27, 2017. Dkt. #56 at 1-3. This request is based on the recent substitution of defense counsel and certain prior deficiencies in discovery. *Id*. at 2-3. Defendants argue their counsel "has been afforded less than three weeks to review the case file" and meet pretrial deadlines. *Id*. at 4. Defendants state there are key witnesses who remain to be deposed and argue that a second attempt at mediation might be successful. *Id*. at 4-5. Defendants appear to imply that there has been newly discovered evidence.

ORDER DENYING MOTION TO CONTINUE TRIAL DATE - 1

Plaintiff argues there is no newly-discovered evidence, that previous depositions have been sufficient, that the discovery cutoff has long since passed, and that Defendants' choice to substitute counsel two months prior to trial does not create good cause for a continuance. Dkt. #61. Plaintiff points to the local rule stating "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(4). Plaintiff argues that continuing trial this close to the trial date is prejudicial to Plaintiff and witnesses. Dkt. #61 at 5.

On Reply, Defendants argue that their request "is based upon a real need to resolve outstanding discovery issues… and to ensure that this matter is litigated and disposed of, on the merits." Dkt. #63 at 1-2. Defendants' substitution of counsel was apparently not for the purpose of delay but resulted "from the breakdown of the attorney-client relationship." *Id.* at 2. Defendants argue there might be additional documents that remain to be discovered. *Id.* Defendants reiterate that they seek mediation. *Id.* at 4-5. Defendants argue that they may be unable to competently meet upcoming deadlines. *Id.* at 5.

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). For good cause shown, the Court may grant a request to modify or enlarge the deadlines in a Case Scheduling Order. Fed. R. Civ. P. 16(b)(4).

The Court agrees that Defendants have not shown the discovery of new evidence, that the discovery cutoff has long since passed, and that Defendants' choice to substitute counsel this late in the game does not create good cause. Defendants' request to continue trial and reopen discovery based on their own counsel's mistakes in litigation ignores the obvious prejudice to Plaintiffs. Defendants' failure to complete discovery within the time allowed does

ORDER DENYING MOTION TO CONTINUE TRIAL DATE - 2

not constitute good cause. LCR 16(b)(4). The Court finds that, setting aside Defendants' discovery-related arguments, enough time remains for Defendants to prepare for trial or pursue settlement. For all these reasons, Defendants have failed to show good cause.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Continue Trial and to Amend Pre-Trial Scheduling Order (Dkt. #56) is DENIED.

DATED this 19th day of May 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE