UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE FARM FIRE AND CASUALTY, as subrogee for Catherine Robinson,

Plaintiff,

v.

HELEN OF TROY, LLC, *et al.*,

Defendants.

Case No. C15-1771-RSM

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE JOHN WEISS AND SANCTIONS

## I. INTRODUCTION

This matter comes before the Court on Plaintiff State Farm Fire and Casualty as subrogee for Catherine Robinson ("State Farm")'s Motion to Exclude John Weiss and Sanctions. Dkt. #58. State Farm moves the Court for an order striking Defendants' witness John Weiss and to impose sanctions for failing to disclose Mr. Weiss and for violating this Court's prior Order compelling discovery. *Id.*; *see also* Dkt. #52. Defendants oppose this Motion, arguing that State Farm failed to meet and confer and that Plaintiff's other contentions are incorrect. *See* Dkt. #45. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART State Farm's Motion.

## II. BACKGROUND

A full background of this case is not necessary for the purposes of this Motion. This lawsuit resulted from a fire which largely destroyed the heating pad, manufactured by Defendants, which State Farm alleges caused the fire. *See* Dkt. #1-2.

Initial disclosures were due in this case on April 22, 2016. Dkt. #15. Defendants identified a single unnamed employee as a witness. Dkt. #59 at 2. Defendants did not disclose expert witness Paul Way or witness John Weiss. *Id.* Defendants have never supplemented their initial disclosures. *Id.*

On July 7, 2016, State Farm sent its first set of discovery requests to Defendants. Dkt. #29-5. State Farm requested all documents regarding the software and hardware in the heating pad and the design and manufacturing of heating pad controllers; the "manner in which the heat pad monitors heat, current, and voltage," all testing or certification of the software or hardware in the Heating Pad, and heating pad certifications such as those by U.L. Dkt. #29-5. On August 15, 2016, Defendants served their answers. Dkt. #29-6. Every answer includes multiple objections with limited or no substantive response.

State Farm filed a Motion to Compel the above discovery on October 13, 2016. Dkt. #28. On December 21, 2016, the Court granted State Farm's Motion and ordered Defendants to fully and completely answer by January 6, 2017. Dkt. #52. On January 6, Defendants informed State Farm via letter that they had produced "all testing documents in Kaz's possession in response to State Farm First Set of Discovery," that they did not have the entire UL file, that they did not have the patent for the heating pad, and that they could not locate a document called the "Theory of Operation." Dkt. #59 at 2-3.

On January 31, 2017, Defendants disclosed Mr. Weiss as a potential witness for the first time via responses to discovery. Dkt. #59 at 3. Discovery closed on February 27, 2017. Dkt.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE JOHN WEISS AND SANCTIONS - 2

#43. Prior to the closing of discovery, Defendants made an effort to arrange for the deposition of Mr. Weiss. *See* Dkt. #67-4.

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A) provides that "a party must, without awaiting a discovery request, provide to the other parties… the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information…." Rule 26(e)(1)(A) further requires that a party must supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…." Where a party fails to comply with these obligations, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008). Furthermore, Rule 26(a)(2) requires disclosure of expert testimony accompanied by a written report prepared and signed by the witness.

If a party fails to comply with a discovery order, the Court may issue a variety of sanctions including, *inter alia,* designating facts to be taken as established for purposes of the action, prohibiting the disobedient party from opposing designated claims or from introducing designated matters in evidence, and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). Attorney's fees must be awarded "unless the failure was

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

**B. Meet and Confer Requirement**

Defendants allege that State Farm has failed to meet and confer before filing this Motion. However, State Farm is not moving to compel discovery under Rule 37(a). State Farm is moving for relief from Defendants' failure to disclose or supplement a witness, brought under Rule 37(c), and for failure to comply with a court order, brought under Rule 37(b). There is no meet and confer requirement for either type of motion. *See* Fed. R. Civ. P. 37; LCR 37. Defendants argue to the contrary, but their briefing contains several critical errors. First, Defendants cite to non-existent Rule 37(a)(2)(A) with a block quote jamming together language from Rule 37(a)(1) and 37(a)(3)(A). *See* Dkt. #66 at 5. This language applies to motions to compel, not motions brought under Rule 37(b) or (c). Next, Defendants argue that a motion for sanctions must include a good faith certification, quoting Local Rule 37(a)(1). *Id.* This local rule also applies only to a motion to compel, not a motion brought under Rule 37(b) or Rule 37(c). Finally, Defendants cite to an out-of-circuit case for authority on motions to compel. *Id* (citing *Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 187-87 (3rd Cir. 2003)).

State Farm did not point out any of the above errors in its Reply brief, instead reiterating that its communications with Defendants satisfy the meet-and-confer requirement of Rule 37(a). *See* Dkt. #68 at 1-3. Although the Court could find that State Farm sufficiently met and conferred with Defendants to satisfy the Rule 37(a)(1) requirement, this requirement does not apply to the instant Motion and will not serve as a basis for its denial. The Court reminds the parties to thoroughly review the Federal Rules of Civil Procedure and this Court's Local Rules before incorrectly citing them in briefing.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE JOHN WEISS AND SANCTIONS - 4

### C. Motion to Exclude John Weiss

The Court has reviewed the arguments and facts cited by the parties on this topic. Although State Farm is correct that Defendants failed to properly disclose John Weiss as a witness in their initial disclosures and failed to supplement as required under Rule 26(e), Defendants have met their burden of showing that these failures were harmless. *See Torres*, 548 F.3d at 1213. State Farm was aware of the addition of Mr. Weiss as a witness as early as January 30, 2017, well before the close of discovery, allowing for the taking of a deposition if State Farm so desired. State Farm was adequately informed as to the content of Mr. Weiss planned testimony.

While the failure to disclose may have been harmless, Defendants' apparent attempt to get around the expert witness disclosure requirements is not. The Court is concerned by the use of Mr. Weiss as a fact witness given the likelihood that his testimony will be "based on scientific, technical, and specialized knowledge as he holds the patent for the subject heating pad, provided a very lengthy summary of how the heating pad worked (Exh. 5), and, as Way said, Weiss is '…really the expert…who knows this product more intimately than anybody else.'" Dkt. #58 at 11 (citing Dkts. #59-5 and #59-1 at 101:8-10 (Way Deposition)). The Court will thus deny Plaintiff's request to exclude Mr. Weiss for failure to disclose, but based on the record before it, the Court is not convinced that testimony from Mr. Weiss would be admissible under the Rules of Evidence.

### D. Motion for Sanctions

State Farm argues that Defendants have failed to produce the complete U.L. file, software, or a "written explanation" (in lieu of the Theory of Operation), despite these being subjects of State Farm's First Set of Discovery and the subsequent Court Order. Dkt. #58 at 8. State Farm argues that these materials are available to Defendants. Defendants fail to address

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE JOHN WEISS AND SANCTIONS - 5

this issue in their Response brief. *See* Dkt. #66. On Reply, State Farm credibly argues that these documents go to the key issues in this case: "how the heating pad is designed, whether it was manufactured to that design and whether the heating pad caused the fire." Dkt. #68 at 4. State Farm requests the Court impose the most drastic sanction it can, default judgment against Defendants. *Id*. at 5-6.

Defendants place the Court in a difficult position by failing to respond to this portion of State Farm's Motion. On the other hand, State Farm fails to show how the missing documents so severely prejudice Plaintiffs as to warrant the extreme sanction of default judgment, and fails to provide meaningful guidance on how the Court could impose a less severe sanction.

Accordingly, the Court will request supplemental briefing from the parties. The Court does not need further argument on whether sanctions should be imposed at all, or why default judgment is appropriate. Instead, the Court requests from each party briefing on how to craft an appropriate sanction under Rule 37(b)(2)(A)(i)-(ii). No other topic is to be discussed.

Regardless of the sanction imposed, the Court "must order the disobedient party… to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a Court Order]…" Fed. R. Civ. P. 37(b)(2)(C). Defendants' silence on the topic of sanctions forecloses any argument that their failure was "substantially justified" or that "other circumstances make an award of expenses unjust." *See id*. Thus the Court will Order Defendants to pay State Farm's reasonable expenses in bringing this Motion and in drafting the Court's requested supplemental briefing.

### IV. CONCLUSION

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE JOHN WEISS AND SANCTIONS - 6

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff State Farm's Motion to Exclude John Weiss and Sanctions (Dkt. #58) is DENIED with regard to excluding John Weiss and GRANTED IN PART with regard to sanctions.

(2) The Court requests supplemental briefing as to an appropriate sanction as described above. This briefing shall be submitted no later than **seven (7) days from the date of this Order** and may not exceed **five (5) pages** in length. No response or reply brief is permitted.

(3) **No later than ten (10) days from the date of this Order**, State Farm shall file a Motion for Attorneys' Fees, noting it for consideration the second Friday after filing and service of the Motion. The Motion shall be limited to five (5) pages and be supported by documentary evidence reflecting only the amount of reasonable fees and costs incurred in filing the instant Motion and requested supplemental briefing. Plaintiffs may file a Response no later than the Wednesday before the noting date, addressing only the reasonableness of the fees and costs requested, and limited to five (5) pages. No Reply is permitted.

DATED this 31 day of May, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE JOHN WEISS AND SANCTIONS - 7