UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY, as subrogee for Catherine Robinson, <br><br> Plaintiff, <br><br> v. <br><br> HELEN OF TROY, LLC, *et al.*, <br><br> Defendants. | Case No. C15-1771-RSM <br><br> ORDER GRANTING SANCTIONS |

This matter comes before the Court on Plaintiff State Farm Fire and Casualty as subrogee

for Catherine Robinson ("State Farm")'s Motion to Exclude John Weiss and Sanctions, Dkt. #58,

and the supplemental briefing requested by the Court, Dkts. #77 and #78.  The Court stated in its

May 31, 2017, Order:

> State Farm argues that Defendants have failed to produce the
> complete U.L. file, software, or a "written explanation" (in lieu of
> the Theory of Operation), despite these being subjects of State
> Farm's First Set of Discovery and the subsequent Court Order. Dkt.
> #58 at 8. State Farm argues that these materials are available to
> Defendants. Defendants fail to address this issue in their Response
> brief. See Dkt. #66. On Reply, State Farm credibly argues that these
> documents go to the key issues in this case: "how the heating pad is
> designed, whether it was manufactured to that design and whether
> the heating pad caused the fire." Dkt. #68 at 4.  State Farm requests
> the Court impose the most drastic sanction it can, default judgment
> against Defendants. *Id*. at 5-6.

ORDER GRANTING SANCTIONS - 1

1
2
3
4

> Defendants place the Court in a difficult position by failing to respond to this portion of State Farm's Motion. On the other hand, State Farm fails to show how the missing documents so severely prejudice Plaintiffs as to warrant the extreme sanction of default judgment, and fails to provide meaningful guidance on how the Court could impose a less severe sanction.

5

Dkt. #76 at 5-6. The Court thus requested supplemental briefing from the parties solely on the

6

issue of how to craft an appropriate sanction under Rule 37(b)(2)(A)(i)-(ii). *Id.* at 6.

7
8

State Farm argues that Defendants "have impeded State Farm's ability to prove that the

9

heating pad was defectively designed and constructed and that such defects proximately caused

10

the fire," and that an appropriate sanction would be a judicial declaration that the heating pad at

11

issue was defectively designed and constructed and proximately caused the fire. Dkt. #77 at 1-

12

2. State Farm argues that both parts of this sanction are necessary because "[i]f there is a

13
14

determination that the heating pad was defectively designed and constructed, but no judicial

15

determination that such defects proximately caused the fire, then State Farm would be hobbled,

16

and Defendants would benefit, by non-production of the documents." *Id*. at 2. In the alternative,

17

State Farm proposes a sanction under Rule 37(b)(2)(A)(ii) preventing Defendants from offering

18

any evidence as to how the heating pad was designed or constructed, preventing Defendants from

19
20

cross examining State Farm's expert on these topics, and instructing the jury that they may draw

21

an adverse inference from Defendants' violation of the discovery order. *Id*. at 3-5. State Farm

22

proposes the following instruction be given by the Court:

23
24
25
26

> The Court ordered defendants to produce to State Farm documents regarding the design, construction, and operation of the subject heating pad. The Defendants have not produced such documents, in violation of this Court's order. You may infer from the Defendants' violation of this Court's order that the documents would have content favorable to State Farm and unfavorable to Defendants.

27

*Id*. at 5.

28

ORDER GRANTING SANCTIONS - 2

Defendants request that the appropriate sanction should be that Plaintiff's expert "be permitted to supplement or amend their reports." Dkt. #78 at 3. Defendants argue that Plaintiff now has all the information that Defendants have relied upon. *Id*. According to Defendants, this proposed sanction "effectively cures any prejudice to Plaintiff and permits this matter to proceed to trial on the merits." *Id*. at 4.

The Court is not inclined to follow Defendants' recommended sanction. First, because it is not a sanction under Rule 37(b)(2)(A)(i)-(ii) as requested by the Court. Second, because it is not a sanction that deters future behavior. Even if the prejudice to State Farm could be cured at this point, allowing Defendants to go forward in this case without at least a sanction under Rule 37(b)(2)(A)(i)-(ii) would effectively promote similar discovery violations in the future. There must be consequences for violating discovery orders.

The Court has considered the sanctions proposed by State Farm, and finds that the recommended sanction under Rule 37(b)(2)(A)(ii) is appropriate.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that the following sanction will be imposed on Defendants:

(1) Defendants are prohibited at trial from offering any evidence as to how the heating pad was designed or constructed;

(2) Defendants are prohibited at trial from cross-examining State Farm's expert witness as to how the heating pad was designed or constructed; and

(3) The jury will be given an adverse inference instruction similar to that proposed by State Farm, above. Such instruction will be finalized at trial.

ORDER GRANTING SANCTIONS - 3

DATED this 9th day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING SANCTIONS - 4