UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE FARM FIRE AND CASUALTY, as subrogee for Catherine Robinson,

Plaintiff,

v.

HELEN OF TROY, LLC, *et al.*,

Defendants.

Case No. C15-1771-RSM

ORDER ON MOTIONS IN LIMINE

## I. INTRODUCTION

This matter comes before the Court on Plaintiff State Farm Fire and Casualty as subrogee for Catherine Robinson ("State Farm")'s Motions in Limine, Dkt. #70, and Defendants' Motions in Limine, Dkt. #71. For the reasons set forth below, these Motions are GRANTED, DENIED, AND DEFERRED.

## II. PLAINTIFF'S MOTION IN LIMINE

1. Plaintiff first moves to preclude evidence regarding affirmative defenses that Defendants failed to plead or failed to provide a factual basis for after the Court's December 21, 2016, Discovery Order. Defendants fail to respond to this Motion. This

ORDER ON MOTIONS IN LIMINE - 1

Motion is GRANTED. Defendants may not present evidence or argument related to unpled or pled affirmative defenses.

2. Plaintiff next moves to preclude Defendants from calling witnesses not properly disclosed in initial disclosures, specifically John Weiss. The Court has already ruled that Mr. Weiss will not be excluded because of Defendants' failure to disclose. *See* Dkt. #76. Plaintiff provides no evidence that Defendants intend to call other witnesses that were not properly disclosed. This Motion is therefore DENIED.

3. Plaintiff moves to exclude evidence about the lighter or pipe that was found in the debris of the house fire at issue in this case. Plaintiff argues that this Motion is moot if Plaintiff's Motion in limine no. 1 is granted. Because the Court has granted that Motion, this Motion is DENIED as MOOT. If for some reason this issue comes up at trial, the Court can rule on Plaintiff's FRE 403 arguments at that time.

4. Plaintiff moves to preclude reference to any testimony contained in the rebuttal report of Defendants' expert Mr. Way, dated February 2, 2017. Rule 26(a)(2)(D)(ii) is clear that any expert rebuttal reports must be submitted within thirty days of the other party's disclosure. Plaintiff argues that Mr. Way's report was due on January 27, 2017, and was therefore untimely. Plaintiff argues that, by not timely issuing his report, Way gained a "tactical advantage – he was able to review, consider, and rebut, [Plaintiff's expert] Barovsky's rebuttal report." Dkt. #70 at 12. Defendants fail to respond. The Court agrees that Defendants violated Rule 26 and that this prejudiced Plaintiff. This Motion is GRANTED.

5. Plaintiff moves to exclude reference to the home not having a fire extinguisher or any issue regarding the smoke alarm. Plaintiff does not cite a rule of evidence, but appears

ORDER ON MOTIONS IN LIMINE - 2

to argue on 401 relevancy grounds. The Court agrees that there is no allegation that the lack of a fire extinguisher or fire alarms caused the fire. This evidence could support a failure to mitigate defense, however the defenses are excluded as stated above. Defendants do not respond to this Motion. Accordingly, this Motion is GRANTED.

6. Plaintiff moves to preclude Defendants from referencing any of their past successes in defending similar claims. Defendants fail to respond. This Motion is GRANTED.

7. Plaintiff moves to preclude Defendants from referencing Plaintiff's failure to call any witnesses equally available to Defendants. Defendants fail to respond. This Motion is GRANTED.

8. Plaintiff moves to "be granted permission to anticipate and discuss Defendants' defenses during opening statements." Dkt. #70 at 14. Defendants fail to respond. The Court has already ruled that Defendants may not present their affirmative defenses given their failure to respond to discovery. Other than those defenses, it is unclear what Plaintiff is referring to in this Motion. Certainly, Plaintiff may discuss the evidence that it reasonably anticipates Defendants will present at trial. This Motion is DEFERRED.

### III. DEFENDANTS' MOTIONS IN LIMINE

The Court will first address the so-called "Agreed Motions in Limine," Defendants' Motions in limine 1-3 and 5-6. These Motions cite settled and well-understood law that apply to every insurance case. Local Rule 7(d)(4) directs the parties to meet in good faith in an effort to *resolve* which matters are in dispute. As such, the Court expected the parties to have resolved these issues without needing the Court's intervention. However, for clarity the Court will grant these Motions. Defendants' Motions 1-3 and 5-6 are GRANTED.

4. Defendants move to exclude argument requesting jurors place themselves in the position of Plaintiff. Dkt. #73 at 3 (citing *Chicago & N.W. R. Co. v. Kelly*, 84 F.2d 569, 576 (8th Cir. 1936)). Plaintiff opposes this Motion in part. This Motion is GRANTED. The parties are precluded from making any argument urging jurors to "place themselves in the position of one of the parties to the litigation, or to grant the party the recovery they would wish themselves if they were in the same position."

7. Defendants move to exclude references to motions in limine or other pre-trial motions or rulings. Plaintiff opposes this Motion solely because the Court has ordered that the jury will be given an adverse inference instruction referencing the Defendants' violation of a Court Order. The Court agrees with Plaintiff. This Motion is DENIED. However, any reference to other pre-trial rulings would likely be in violation of FRE 401 – 403.

8. The parties agree to exclude references to litigation expenses. This Motion is GRANTED.

9. The parties agree to exclude witnesses from the Courtroom, however, Plaintiff argues that one of its witnesses, Bill Etcheverry, will also be State Farm's representative at trial. This witness may be present in the courtroom. This Motion IS GRANTED IN PART with respect to all other witnesses.

10. Defendants move to exclude "legal opinions as to the ultimate issues of law in this case." Plaintiff essentially agrees but argues that "Defendants' legal opinions are based upon factual opinions which experts are entitled to testify regarding..." Dkt. #84 at 4. The Court finds that Defendants are not moving to exclude *all* expert opinions, just those as to the ultimate issues of law in this case. This Motion is GRANTED.

11. Defendants move to exclude cumulative and repetitive witness testimony. The Court will defer ruling on this based on the testimony presented at trial. This Motion is DEFERRED.

12. The parties agree to exclude evidence or testimony relating to other products or other claims against Defendants. This Motion is GRANTED.

13. The parties agree to exclude any evidence or testimony regarding the cats in the house fire. This Motion is GRANTED.

14. Defendants move to prevent the jury from taking into the jury room "interrogatory answers, responses to requests for production and response to requests for admission," citing only FRE 401-403 and Rule 33(e). These rules do not prohibit the use of discovery materials at trial or prohibit the jury from taking them into the jury room. Defendants fail to provide specific examples for the Court to understand what is objectionable. This Motion is DENIED.

15. Defendants move to preclude Plaintiff from using the term "defect" at trial without proper foundation. Plaintiff agrees that testimony needs to be elicited prior to a properly qualified expert offering any opinion as to defective design or defective construction. The Court does not interpret Defendants' Motion from precluding Plaintiff from using the term "defect" in opening or closing argument. This Motion is GRANTED.

## IV.  CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff and Defendants' Motions in limine are GRANTED, DENIED, AND DEFERRED as stated above.

DATED this 14 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS IN LIMINE - 6