UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY, as subrogee for Catherine Robinson, | Case No. C15-1771-RSM |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| HELEN OF TROY, LLC, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion for Reconsideration. Dkt. #93. Defendants request reconsideration or clarification of the Court's June 9, 2017, Order, Dkt. #80. This Order was based on Plaintiff's Motion to Exclude John Weiss and Sanctions, Dkt. #58, the Court's initial May 31, 2017, Order granting that Motion and requesting supplemental briefing, Dkt. #76, and the supplemental briefing from the parties, Dkts. #77 and #78. The Court summarized the relevant background in its initial May 31, 2017, Order:

> State Farm argues that Defendants have failed to produce the complete U.L. file, software, or a "written explanation" (in lieu of the Theory of Operation), despite these being subjects of State Farm's First Set of Discovery and the subsequent Court Order. Dkt. #58 at 8. State Farm argues that these materials are available to Defendants. Defendants fail to address this issue in their Response brief. See Dkt. #66. On Reply, State Farm credibly

argues that these documents go to the key issues in this case: "how the heating pad is designed, whether it was manufactured to that design and whether the heating pad caused the fire." Dkt. #68 at 4. State Farm requests the Court impose the most drastic sanction it can, default judgment against Defendants. *Id*. at 5-6.

Defendants place the Court in a difficult position by failing to respond to this portion of State Farm's Motion. On the other hand, State Farm fails to show how the missing documents so severely prejudice Plaintiffs as to warrant the extreme sanction of default judgment, and fails to provide meaningful guidance on how the Court could impose a less severe sanction.

Dkt. #76 at 5-6. The Court then requested supplemental briefing from the parties solely on the issue of how to craft an appropriate sanction under Rule 37(b)(2)(A)(i)-(ii). *Id*. at 6.

In supplemental briefing, Plaintiff proposed a sanction under Rule 37(b)(2)(A)(ii) preventing Defendants from offering any evidence as to how the heating pad was designed or constructed, preventing Defendants from cross examining Plaintiff's expert on these topics, and instructing the jury that they may draw an adverse inference from Defendants' violation of the discovery order. Dkt. #77 at 3-5. Plaintiff proposed the following instruction be given by the Court:

The Court ordered defendants to produce to State Farm documents regarding the design, construction, and operation of the subject heating pad. The Defendants have not produced such documents, in violation of this Court's order. You may infer from the Defendants' violation of this Court's order that the documents would have content favorable to State Farm and unfavorable to Defendants.

*Id*. at 5.

Defendants' supplemental briefing failed to suggest a sanction under Rule 37(b)(2)(A)(i)-(ii). Instead, Defendants suggested as a remedy that Plaintiff's expert "be permitted to supplement or amend their reports." Dkt. #78 at 3. According to Defendants, this

proposed sanction "effectively cures any prejudice to Plaintiff and permits this matter to proceed to trial on the merits." *Id*. at 4.

The Court found that Defendants' recommended sanction was "not a sanction under Rule 37(b)(2)(A)(i)-(ii) as requested by the Court," and that it "would effectively promote similar discovery violations in the future." Dkt. #80 at 3. The Court found that Plaintiff's recommended sanction under Rule 37(b)(2)(A)(ii) was appropriate and imposed the following:

> (1) Defendants are prohibited at trial from offering any evidence as to how the heating pad was designed or constructed;

> (2) Defendants are prohibited at trial from cross-examining State Farm's expert witness as to how the heating pad was designed or constructed; and

> (3) The jury will be given an adverse inference instruction similar to that proposed by State Farm, above. Such instruction will be finalized at trial.

*Id.*

Defendants now argue that the Court's sanctions above are "tantamount to case dispositive sanctions," that Plaintiff's initial Motion did not request a specific sanction, that Plaintiff waited until its Reply brief to request default judgment as a sanction, and that therefore Defendants were not "afforded an opportunity to respond to [Plaintiff]'s request for a terminating or case dispositive sanction." Dkt. #93. While this argument would seem to ignore that the Court permitted supplemental briefing, Defendants argue that "despite the fact that the Court directed the parties in its May 31, 2017 Order, to brief the issue of appropriate sanctions further, it specifically prohibited any briefing on whether case dispositive sanctions (e.g. default judgment) were just or proper." *Id*. at 6. Defendants also argue that a new fact, the continuance of trial, "increases the feasibility of a lesser sanction." *Id*. Defendants argue that the conduct necessitating the above sanctions was outside their control. *Id*. at 7. Finally,

Defendants seek in the alternative "clarification from the Court regarding whether [Defendants] may introduce evidence at trial regarding the function and operation of the heating pad," arguing that testing indicates that "the heating pad could not do what State Farm is claiming." *Id*. at 8-9.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

As an initial matter, the Court disagrees that Defendants were somehow denied an opportunity to provide the Court with guidance as to an appropriate sanction. To the contrary, Defendants failed to address this issue in initial briefing and chose to disregard the Court's instructions as to the topic in supplemental briefing. The sanctions above are not equivalent to granting a default judgment, and are appropriate given Defendants' underlying conduct. Defendants have thus failed to demonstrate manifest error. The continuance of trial does not constitute a "new fact" warranting a reduction in the sanctions; the sanctions were meant to punish the underlying conduct, which has not changed. To the extent that Defendants introduce new facts and arguments to excuse their underlying conduct, the Court finds that such could have been introduced earlier with reasonable diligence. Finally, the Court concludes that Defendants' request for clarification is really a request to carve out unwarranted exceptions to the sanctions above, which are clear enough. Any further questions as to specific evidence or testimony can be addressed at trial.

Accordingly, having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Reconsideration (Dkt. #93) is DENIED.

DATED this 27 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE