UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE FARM FIRE AND CASUALTY, as subrogee for Catherine Robinson,

Plaintiff,

v.

HELEN OF TROY, LLC, *et al.*,

Defendants.

Case No. C15-1771RSM

ORDER ON DEFENDANT'S MOTION FOR RELIEF AND ORDER AMENDING ORDER ON MOTIONS IN LIMINE

## I.  INTRODUCTION

This matter comes before the Court on Defendants' Motion for Relief from the Court's Order on Motions in Limine, brought under Rule 60(b)(1). Dkt. #86. Plaintiff State Farm opposes this Motion. Dkt. #96.[1] The Court has reviewed the arguments of the parties and finds that Defendants' failure to file responses to Plaintiff's Motions in Limine was due to mistake or excusable neglect in assuming that "all remaining pretrial deadlines" included the deadline to respond to motions in limine, and that this forms a reasonable basis for Defendants' requested relief whether properly brought under Rule 60(b)(1) or as a motion for reconsideration. In

---

[1] The Court notes that State Farm's Response was filed two days after the deadline. *See* LCR 7(d)(3). Nevertheless, the Court has reviewed this Response. Both parties are advised to thoroughly review and follow this Court's Local Rules.

ORDER ON DEFENDANT'S MOTION FOR RELIEF AND ORDER AMENDING ORDER ON MOTIONS IN LIMINE - 1

reviewing Defendants' Responses to Plaintiff's Motions in Limine, filed after the Court's Order analyzing the same, the Court cannot see how Defendants gained an unfair advantage because the Court did not provide extensive analysis in its Order. Accordingly, the Court will consider Defendants' Responses and make the following change to its prior Order. Defendants' Motions in Limine remain undisturbed. Plaintiff's request for attorney fees is unsupported and denied.

## II. PLAINTIFF'S MOTIONS IN LIMINE

1. The Court previously granted this Motion to exclude Defendants' affirmative defenses from trial based on Defendants' failure to respond. Dkt. #85 at 1-2. Specifically, the Court relied on Plaintiff's uncontested argument that Defendants' response to Interrogatory No. 9 was insufficient to factually support their affirmative defenses. *Id.* Defendants now argue that "Plaintiff is aware of the factual bases for Defendants' affirmative defenses by virtue of its responses to written discovery, the deposition testimony of its 30(b)(6) witness, the testimony of Robinson, the testimony of Plaintiff's experts, and by the report and testimony of its expert." Dkt. #89 at 4. Defendants' interrogatory response was not a model of clarity, leaving Plaintiff with the task of sorting through which cited evidence supported which affirmative defense, despite the fact that Plaintiff specifically asked Defendants to separate out their affirmative defenses and the factual support for each. *See* Dkt. #90-3 at 3-4. However, the Court believes that Plaintiff is and was capable of sorting through the cited evidence, and that denying Defendants the opportunity to argue their affirmative defenses is too harsh a punishment for what is essentially a dispute over the adequacy of a discovery response. Accordingly, Plaintiff's First Motion in Limine is DENIED. This decision replaces the Court's prior decision.

2. The Court has reviewed Defendants' response to this Motion and declines to change its prior Order. This Motion remains DENIED.

3. The Court previously denied this Motion as moot given its ruling on Plaintiff's first motion in limine. Now that the Court has changed its ruling above, the Court finds that this Motion is properly deferred to trial. Plaintiff argues that evidence of a lighter or pipe found at the scene of the fire will be more prejudicial than probative under FRE 403 and that Defendants have no factual support for their contention that such caused the fire. Dkt. #70 at 11. The Court agrees that references to a "crack pipe" would violate FRE 403. However, Defendants may be permitted to reference a lighter or smoking materials without prejudicing the jury, and such evidence may be relevant to Defendants' affirmative defenses. To the extent that Defendants are unable to support arguments about the lighter or smoking material with factual support, the Court and the Plaintiff can adequately deal with that issue at trial. This Motion is DEFERRED. This decision replaces the Court's prior decision.

4. The Court has reviewed Defendants' response to this Motion and declines to change its prior Order. Defendants argue that the reference to Way's report as a rebuttal report to Barovsky's rebuttal report was a "typographical error." Dkt. #89 at 7. The Court does not agree given the timing of the reports. Defendants fail to address the timeliness issue or Plaintiff's argument that Way gained an unfair tactical advantage by being able to review, consider and rebut Barovsky's rebuttal report. Accordingly, this Motion remains GRANTED.

5. Because Defendants are now permitted to argue their affirmative defenses, including a failure to mitigate, and for the reasons stated previously, the Court DENIES this Motion. This decision replaces the Court's prior decision.

6. The Court has reviewed Defendants' response to this Motion and declines to change its prior Order. Defendants argue that Plaintiff fails to give specific examples of what evidence should be excluded and that the Court will be best suited to evaluate this issue at trial. Dkt. #89 at 8-9. The Court disagrees and finds that Plaintiff is only asking to preclude Defendants from "referencing any past successes in defending similar claims." Dkt. #70 at 13. References to the outcomes of past lawsuits are more prejudicial than probative under FRE 403. Accordingly, this Motion remains GRANTED.

7. The Court has reviewed Defendants' response to this Motion and declines to change its prior Order. Defendants have no support for their argument, and Plaintiff's request is reasonable. This Motion remains GRANTED.

8. The Court has reviewed Defendants' response to this Motion and declines to change its prior Order. Defendants appear to believe that Plaintiff will introduce evidence during its opening statement, whereas Plaintiff simply requests the ability to *address* anticipated defenses. Plaintiff is permitted to discuss what it believes Defendants will argue at trial but is not permitted to present evidence. Defendants are free to object during Plaintiff's opening statement if they believe Plaintiff has violated a rule. This Motion remains DEFERRED.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion for Relief from the Court's Order on Motions in Limine (Dkt. #86) is GRANTED.

(2) Plaintiff's Motions in Limine are GRANTED, DENIED, AND DEFERRED as stated above. Defendants' Motions in Limine remain undisturbed. This Order amends the Court's prior Order (Dkt. #85).

DATED this 5th day of July 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE