UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE FARM FIRE AND CASUALTY, as subrogee for Catherine Robinson,

Plaintiff,

v.

HELEN OF TROY, LLC, *et al.*,

Defendants.

Case No. C15-1771-RSM

ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on Plaintiff State Farm's Motion for Attorney's Fees, Dkt. #81, submitted pursuant to the Court's May 31, 2017 Order awarding "reasonable expenses in bringing this Motion [to Exclude] and in drafting the Court's requested supplemental briefing." Dkt. #76 at 6. State Farm requests $10,720 in fees. Dkt #81.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr*

ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES - 1

*v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1] In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). It is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES - 2

The Court will first address the requested hourly rate. State Farm's counsel requests a rate of $400 per hour, stating that he was awarded $350 in 2009, and that "[c]urrently charging $400 per hour is believed reasonable as this is only a 14% increase over his fee nine years ago." Dkt. #81 at 4. State Farm does not submit evidence that other attorneys practicing in this area in the local community bill at this rate, stating via declaration that "[b]ecause of the specific focus of his practice, and the fact that other subrogation attorneys primarily bill on a contingency fee basis, there are few instances of being able to cite other, similar, attorney's billing rates." Dkt. #82 at 2 n.1. Defendants submit that a rate of $300 is more consistent with the rates ordinarily charged by similar attorneys in this district. Dkt. #91 at 3 (citing *MacDonald v. Lincoln Nat. Life. Ins. Co.*, 2010 WL 2985688 (W. D. Wash. 2010); *Johnson v. CitiMortgage, Inc.*, 2014 WL 2207619 (W. D. Wash. 2014)). The Court finds that State Farm has not submitted adequate evidence to support the requested rate of $400 and that a rate of $350 is reasonable and closer to what is charged for similar legal work in this district.

The Court will next discuss the hours requested. The Court has reviewed the specific billing entries and finds that the research hours occurring on March 6, 2017, and March 14, 2017, were excessive and not "reasonable expenses in bringing this Motion [to Exclude] and in drafting the Court's requested supplemental briefing," and will therefore not constitute part of the award. *See* Dkt. #82 at 3. All other requested hours are reasonable. The Court disagrees with Defendants' speculative argument that the May 11, 2017, billing entry was unreasonable because counsel had represented that the underlying Motion was ready to file. It is possible for an attorney to assert that a Motion is ready to be filed, then continue to make reasonable revisions to that Motion prior to filing. Furthermore, the total time spent on the Motion, 9.5 hours, is reasonable.

After cutting the above billing entries, the Court will award fees for 20.1 hours at a rate of $350 per hour for a total of $7,035.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Attorneys' Fees (Dkt. #81) is GRANTED IN PART as stated above. Defendants shall pay Plaintiff $7,035 in attorney's fees.

DATED this 12 day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE